GAUDIN, Judge.
On June 2, 1987, Mrs. Billie M. Washington allegedly slipped and fell outside a Canal Villere store. Following a bench trial in the 24th Judicial District Court, judgment was rendered on April 5, 1991 in favor of the store owner, the National Tea Company, and against Mrs. Washington stating “... that plaintiff has failed to prove her case by a preponderance of the evidence.”
We reverse. Mrs. Washington made out a prima facie case of negligence and the store did not exculpate itself. Contrary district court findings are manifestly wrong and are not supported by meaningful testimony and evidence.
Mrs. Washington fell just outside the store on an incline leading from the front entrance. She testified she slipped on “black stuff” while walking toward a taxicab. The cab driver, Otis Brown, admittedly a friend of Mrs. Washington, identified the “black stuff” as motor oil.
The accident occurred after midnight, at approximately 2:40 a.m. The store in question is open 24 hours a day. Brown said it was dark and that he hadn’t noticed the motor oil on the slope until after Mrs. Washington slipped and fell. Brown testified that after the incident he saw motor oil on Mrs. Washington’s pants.
Brown and Mrs. Washington then went into the store and described the accident to Michael Williams, the store manager, who filled out a “Customer’s Incident Report.” The report, in evidence and marked “D-4,” explicitly recites Mrs. Washington’s version of the accident. According to Mrs. Washington and the report, she fell because of “motor oil on ground” and that there was oil on both her left and right shoes. Williams, however, did not immediately go with Brown and Mrs. Washington to inspect the accident scene and there is no indication from either the report or his trial testimony that he saw (or failed to see) oil on Mrs. Washington’s shoes. It appears he just didn’t bother to look.
Williams did say that he went outside “about ten minutes” later, after Mrs. Washington and Brown had left, and took a photograph, marked “D-l” in evidence, of what he described as “a stain.” Further, Williams said that the store has a contract with a cleaning crew “that comes out during the night” to clean up, empty trash cans, etc.
The defense consisted entirely of Williams’ mostly self-serving testimony. His statements about a clean-up company was not supported by even one piece of documentary evidence or by even one word of other testimony. After Mrs. Washington reported the accident, Williams’ reaction can only be classified as lackadaisical. At the very least, he should have inspected Mrs. Washington’s shoes and let her show him exactly where it was she fell. These failures placed the store in a precarious defensive posture.
*499 Mrs. Washington clearly presented a pri-ma facie case. The burden of proof then shifted to the store, which was unable to exculpate itself by. Williams’ indifferent testimony.
Accordingly, we set aside the judgment favoring the store and we remand for the trial judge to assess damages. The National Tea Company is to bear costs of this appeal.
REVERSED AND REMANDED.